AF Approval _____          Chief Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:15-cr-127-T-30AEP

JACQUELINE M. NUMATA

## AMENDED PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A.

Lee Bentley, III, United States Attorney for the Middle District of Florida, and

Leslie R. Caldwell, Assistant Attorney General of the Criminal Division, and the

defendant, JACQUELINE NUMATA, and the attorney for the defendant, Jenny L.

Devine, mutually agree as follows:

### A.    Particularized Terms

#### 1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and Two

of the Superseding Information. Count One charges the defendant with

possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(A) and

3261. Count Two charges the defendant with using an instrument of interstate or

foreign commerce to communicate a false bomb threat, in violation of 18 U.S.C.

§§ 844(e) and 3261.

#### 2.    Maximum Penalties

Count One carries a maximum sentence of 10 years imprisonment,

a fine of $250,000, a term of supervised release of at least 5 years and up to life,

Defendant's Initials _____

and a special assessment of $100 per felony count for individuals, and $400 per

felony count for persons other than individuals, such as corporations.

Count Two carries a maximum sentence of 10 years imprisonment,

a fine of $250,000, a term of supervised release of not more than 3 years, and a

special assessment of $100 per felony count for individuals, and $400 per felony

count for persons other than individuals, such as corporations.

With respect to certain offenses, the Court shall order the

defendant to make restitution to any victim of the offense(s), and with respect to

other offenses, the Court may order the defendant to make restitution to any

victim of the offense(s), or to the community, as set forth below.

3.     Elements of the Offense(s)

The defendant acknowledges understanding the nature and

elements of the offense(s) with which defendant has been charged and to which

defendant is pleading guilty. The elements of Count One are:

First:     The Defendant was employed as a civilian employee of the Department of Defense on Misawa Air Base;

Second:     The Defendant resided and was present outside of the United States in connection with her employment on Misawa Air Base;

Third:     The Defendant was not a national of or ordinarily resident in Japan;

Fourth:     The Defendant knowingly possessed one or more visual matters containing a visual depiction;

Fifth:     Producing the visual depictions involved using a minor engaged in sexually explicit conduct;



Sixth:  The depictions are of a minor engaged in sexually explicit conduct; and

Seventh:  the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

The elements of Count Two are:

First:  The Defendant was employed as a civilian employee of the Department of Defense on Misawa Air Base;

Second:  The Defendant resided and was present outside of the United States in connection with her employment on Misawa Air Base;

Third:  The Defendant was not a national of or ordinarily resident in Japan;

Fourth:  The Defendant conveyed false information;

Fifth:  The Defendant knew the information to be false;

Sixth:  The information concerned an attempt to kill or injure an individual or unlawfully damage or destroy a building by means of explosive;

Seventh:  The Defendant used, or caused to be used, an instrument of interstate commerce to communicate the false information; and

Eighth:  The Defendant acted maliciously.

4.   Indictment Waiver

Defendant will waive the right to be charged for these two Counts by way of an indictment before a federal grand jury.

5.   Counts Dismissed

At the time of sentencing the April 22, 2015 Indictment will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials  _JM_                    3

6.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, which are related to the conduct giving rise to this plea agreement.

7.   Mandatory Restitution to Victims of Offense of Conviction

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

8.   Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.



9.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.   Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a



prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle

Defendant's Initials _____        6

District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

11. Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

12. Cooperation - Responsibilities of Parties

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

Defendant's Initials                     7

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

Defendant's Initials _____        8

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

13.     Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, Sections 844(c), 981(a)(1)(C), 2253, and Title 28, United States Code, Section 2461(c), whether in the possession or control of the United States, the defendant or defendant's

Defendant's Initials _____     9

nominees.  The assets to be forfeited specifically include, but are not limited to, the following: (1) one Apple iPad (black), serial number DMPMW9PCF4YF, (2) one Apple iPad (white), serial number DMPJN71TF187, and (3) an HTC AU provider cellular phone with SIM card, Serial Number SHTBC06190, which assets were used or intended to be used to commit or promote the commission of the underlying offenses.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a

preliminary order of forfeiture.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea

Defendant's Initials           11

Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Court shall retain jurisdiction to settle any disputes arising from application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

14.    Abandonment of Property – Electronic Devices

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant

Defendant's Initials                     12

and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which she has pled guilty. As such, defendant hereby relinquishes all claim, title and interest she has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that she is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: A Sony Ericsson Xperia cellular phone with SIM card, Serial Number CB511TNJV8; an Apple iPad (black), Serial Number DMPMW9PCF4YF; an Apple iPad (white), Serial Number DMPJN71TF187; an Olympus digital camera with memory card, Serial Number UPQ015030; an HTC AU provider cellular phone with SIM card, Serial Number SHTBC06190; and an Office Depot brand CD-RW labeled "March 10, 2013 DV Incident."

Defendant's Initials _____     13

15.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that she must update her registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.   Standard Terms and Conditions**

1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters

Defendant's Initials _____           14

a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from

Defendant's Initials           15

the United States, denied citizenship, and denied admission to the United States
in the future.

    4.    Sentencing Information

        The United States reserves its right and obligation to report to the
Court and the United States Probation Office all information concerning the
background, character, and conduct of the defendant, to provide relevant factual
information, including the totality of the defendant's criminal activities, if any, not
limited to the count(s) to which defendant pleads, to respond to comments made
by the defendant or defendant's counsel, and to correct any misstatements or
inaccuracies. The United States further reserves its right to make any
recommendations it deems appropriate regarding the disposition of this case,
subject to any limitations set forth herein, if any.

    5.    Financial Disclosures

        Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.
32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States
Attorney's Office within 30 days of execution of this agreement an affidavit
reflecting the defendant's financial condition. The defendant promises that her
financial statement and disclosures will be complete, accurate and truthful and
will include all assets in which she has any interest or over which the defendant
exercises control, directly or indirectly, including those held by a spouse,
dependent, nominee or other third party. The defendant further agrees to execute
any documents requested by the United States needed to obtain from any third

Defendant's Initials       16

parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    6.    Sentencing Recommendations

        It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government

Defendant's Initials _____          17

regarding any recommendations by the government are not binding on the Court
and that, should any recommendations be rejected, defendant will not be
permitted to withdraw defendant's plea pursuant to this plea agreement. The
government expressly reserves the right to support and defend any decision that
the Court may make with regard to the defendant's sentence, whether or not
such decision is consistent with the government's recommendations contained
herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority
to impose any sentence up to the statutory maximum and expressly waives the
right to appeal defendant's sentence on any ground, including the ground that the
Court erred in determining the applicable guidelines range pursuant to the United
States Sentencing Guidelines, except (a) the ground that the sentence exceeds
the defendant's applicable guidelines range as determined by the Court pursuant
to the United States Sentencing Guidelines; (b) the ground that the sentence
exceeds the statutory maximum penalty; or (c) the ground that the sentence
violates the Eighth Amendment to the Constitution; provided, however, that if the
government exercises its right to appeal the sentence imposed, as authorized by
18 U.S.C. § 3742(b), then the defendant is released from his waiver and may
appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials _____        18

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and the Assistant Attorney General of the Criminal Division, and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also



understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

       11.    <u>Factual Basis</u>

            Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials   _____         20

FACTS

The United States of America maintains an Air Base in Misawa City, Japan (Misawa Air Base). At the time of the commission of the crimes described herein, the defendant was employed by and accompanied the U.S. Armed Forces outside the United States, in that she was employed by the Army and Air Force Exchange Service at Burger King on Misawa Air Base. The defendant resided and was present outside of the United States in connection with her employment on Misawa Air Base. The defendant was not, and has never been, a national of nor ordinarily resident in Japan. The conduct described in this factual basis and in the Superseding Information occurred on Misawa Air Base and in Misawa City, Japan.  The defendant's last known residence prior to her time in Misawa City, Japan was Tampa, Florida, in the Middle District of Florida.

On January 19, 2015, the defendant, utilizing an anonymous email address through the Tor darknet, sent a threat using the internet to the Misawa City International Center. The threat was directed at the Misawa Air Base and was transmitted from the defendant's white Apple iPad, serial number DMPJN71TF187; a review of the defendant's black Apple iPad, serial number DMPMW9PCF4YF, also showed that the defendant had purchased/downloaded several apps, including Red Onion-Tor powered web browser allowing for anonymous browsing, Free Tor browser, and Microsoft Word.

The defendant's threat stated, "I am Txxxxx Nxxxxx in Misawa City. Tomorrow I will explode Misawa Air Base at 2200. Die Americans!" No bombs

Defendant's Initials _____     21

were detonated on or about Misawa Air Base on that day, and no bombs were found. The defendant admits that the threat transmitted was false, and that she knew it was false at the time she transmitted the threat. The defendant maliciously transmitted the threat for the purpose of framing her estranged husband, Txxxxx Nxxxxx.

On or about January 22 to 25, 2015, the defendant, while present on Misawa Air Base in Japan, knowingly accessed a child pornography site and intentionally downloaded approximately 80 matters containing visual depictions, which visual depictions involved the use of a minor engaged in sexually explicit conduct, and the depictions are, in fact, of a minor engaged in sexually explicit conduct (child pornography). These 80 images of child pornography included 17 photos depicting the vaginal penetration of a prepubescent girl, and 3 images depicting bondage of a prepubescent girl. Because the defendant intentionally downloaded these child pornography images on Misawa Air Base, she knowingly possessed these images. The defendant knew at least one performer in the visual depictions was a minor and knew the depictions showed the minor engaged in sexually explicit conduct.

The defendant then accessed a website called FC2.com on her aforementioned white and black iPads. There she created a blog under her estranged husband's name, to which she uploaded these 80 images of child pornography. She then created a Facebook profile for a fictional "Jessica Martin," and posted a link to the child pornography onto the Misawa Asks Facebook

Defendant's Initials _____        22

community page, which link was viewable to any member of that Facebook community group.

On or about March 7, 2015, the defendant, while present on Misawa Air Base in Japan, again accessed a child pornography website to download additional images of child pornography. She then created a flyer with five images of child pornography, advertising the sale of children for sex, child pornography, and marijuana, and included her estranged husband's name. The defendant then printed 50 copies of the flyer, and distributed them throughout Misawa City, Japan. The defendant also took a photograph of the flyer (which contained child pornography) and posted that photograph to the Misawa Asks Facebook community page, using a fake profile she created, "Simmy Richardson."

On March 16, 2015, the defendant sent a second bomb threat to the Misawa Air Base Public Affairs office. This bomb threat was submitted via email using the "How are we doing?" form on the Base's webpage (http://www.misawa.af.mil, which is accessible via the internet, an instrument of interstate and foreign commerce) with an untraceable return email address.

The threat stated, "This is Txxxxx Nxxxxx of Misawa. I am ban from base, but I come on in back of friend's car. I put 20 bombs on base. At all 3 schools, BX, Burger king, post office, daycare and other place. Each bomb go off at 3pm. Many people die. No American base in Japan! If you contact police, they believe me! I say I deny all, and I do not go to jail! American fucker die!" No bombs were detonated on or about Misawa Air Base on that day, and no bombs were found.

Defendant's Initials           23

The defendant admits that the threat transmitted was false, and that she knew it was false at the time she transmitted the threat.  The defendant's confession is corroborated by the fact that the text of the bomb threat was saved in her "Notes" on the white iPad, serial number DMPJN71TF187. The "Note" is dated March 16, 2015.  The defendant maliciously transmitted the false threat for the purpose of framing her estranged husband.

As a result of this threat, all facilities and areas within the affected perimeter zone of the buildings listed above were evacuated. Traffic patterns were changed and security postures at Misawa Air Base were increased.

The defendant also utilized an HTC AU provider cellular phone with SIM card, Serial Number SHTBC06190, to access her email account during the time when the bomb threats were produced.  A review of that cellphone's extracted data showed that the defendant also accessed the fictitious accounts she had created and used in Txxxxx Nxxxxx's name for purposes of sending the threats. That data also showed that the defendant accessed Facebook when the base was being evacuated because of her bomb threat.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____      24

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 14 of September, 2016.

LESLIE R. CALDWELL
Assistant Attorney General

Jay A. Bauer
Trial Attorney
Human Rights and Special
Prosecutions
Criminal Division

A. LEE BENTLEY, III
United States Attorney

Jacqueline Numata
Defendant

for    Kaitlin R. O'Donnell
Assistant United States Attorney

Jenny L. Devine
Attorney for Defendant

Simon Gaugush
Assistant United States Attorney
Chief, Major Crimes Section