# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.

JACQUELINE NUMATA

Case Number: 8:15-cr-127-T-30AEP
USM Number: 62343-018

Jenny L. Devine, FPD

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Two of the Superseding Information. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(4)(A) | Possession of Child Pornography (Class C Felony) | January 26, 2015 | One |
| 18 U.S.C. §§ 844(e) and 3261 | Using an Instrument of Interstate or Foreign Commerce to Communicate a False Bomb Threat (Class C Felony) | March 16, 2015 | Two |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The Court orders that the underlying Indictment be dismissed.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

March 23, 2017

JAMES S. MOODY, JR.
SENIOR UNITED STATES DISTRICT JUDGE

March 23, 2017

Jacqueline Numata
8:15-cr-127-T-30AEP

## PROBATION

The defendant is hereby placed on Probation for a term of FIVE (5) YEARS on Counts One and Two, to run concurrently.

The defendant is remanded to the custody of the United States Marshal. Upon release from imprisonment, Defendant shall immediately report to the U.S. Probation Office.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF PROBATION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

Jacqueline Numata
8:15-cr-127-T-30AEP

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

## ADDITIONAL CONDITIONS OF PROBATION

1. The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

2. The defendant shall register with the state sexual offender registration agency(s) in any state where she resides, visits, is employed, carries on a vocation, or is a student, as directed by the probation officer.

3. The probation officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct you to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

4. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|        | Assessment | JVTA Assessment* | Fine   | Restitution |
|--------|-----------|------------------|--------|-------------|
| TOTALS | $200.00   | N/A              | Waived | N/A         |

## SCHEDULE OF PAYMENTS

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Final Judgment of Forfeiture, attached hereto, that are subject to forfeiture.

---

\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

---

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No. 8:15-cr-127-T-30AEP

JACQUELINE M. NUMATA

**FINAL JUDGMENT OF FORFEITURE**

THIS CAUSE comes before the Court upon the United States' Motion for a Final Judgment of Forfeiture (Doc. 94), pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, for the following computer equipment:

a. An Apple iPad (black), serial number   DMPMW9PCF4YF;

b. An Apple iPad (white), serial number DMPJN71TF187; and

c. An HTC AU provider cellular phone with SIM card, Serial Number SHTBC06190.

On December 15, 2016, the Court entered a Preliminary Order of Forfeiture for the computer equipment described above, pursuant to 18 U.S.C. § 2253.   Doc. 92.

The Court finds that in accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), the United States published notice of the forfeiture and of its intent to dispose of the computer equipment on the official government website, www.forfeiture.gov, from December 22, 2016 through January 20, 2017.  Doc. 93. The publication gave notice to all third parties with a legal interest in the computer

equipment to file with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interests within 60 days of the first date of publication. No third party has filed a petition or claimed an interest in the asset, and the time for filing such petition has expired.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion (Doc. 94) is GRANTED.

It is FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2), all right, title and interest in the computer equipment identified above is CONDEMNED and FORFEITED to the United States for disposition according to law.

Clear title to the computer equipment is now vested in the United States of America.

DONE and ORDERED in Tampa, Florida, this 9th day of March, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record